# JAFFE & ASHER LLP
## ATTORNEYS AT LAW
### ESTABLISHED 1974

PLEASE REPLY TO NEW YORK OFFICE

600 THIRD AVENUE
NEW YORK, NY 10016-1901
(212) 687-3000
(212) 687-9639 (FAX)

NEW JERSEY OFFICE

1107 GOFFLE ROAD
HAWTHORNE, NJ 07507-0508
(973) 423-3998
(973) 423-6074 (FAX)

March 18, 2013

**VIA ECF**

Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **Salvatore Magarelli et al. v. AECOM USA, Inc. & Long Island Rail Road v. Excelsior Ins. Co. & Kordun Constr. Corp. v. Mt. Hawley Ins. Co. & Zurich American Ins. Co.**
            **Civil Action No.   :      11 Civ. 1600 (MKB) (CLP)**

Dear Judge Brodie:

    Our firm represents third-party defendant EXCELSIOR INSURANCE COMPANY ("Excelsior") in the above-entitled action. Pursuant to your Honor's individual practices, we respectfully submit this letter on behalf Excelsior to request a pre-motion conference to address Excelsior's anticipated motion for summary judgment as against defendant/third-party plaintiff LONG ISLAND RAIL ROAD COMPANY ("LIRR"). Excelsior's motion will be based solely upon LIRR's failure to qualify as an additional insured under Excelsior's policy for the claims alleged in the first-party action.

    Plaintiffs SALVATORE MAGARELLI ("Magarelli") and CONSUELO MAGARELLI commenced a first-party action entitled <u>Salvatore Magarelli and Consuelo Magarelli v. Long Island Rail Road Company and Kordun Construction Corp.</u> (the "First Party Action") seeking damages for injuries Magarelli sustained on July 29, 2009 when he was working as an LIRR employee on a project known as Hillside Facility Maintenance. In the Third-Party Complaint, defendant/third-party plaintiff AECOM USA, INC. ("AECOM") and LIRR seek a defense and indemnity for the First-Party Action. However, based upon undisputed facts, it is clear that the LIRR does not qualify as an additional under Excelsior's policy.

    The additional insured endorsement in Excelsior's policy provides, in relevant part, as follows:

> Under **SECTION II — WHO IS AN INSURED is amended to include as an insured any person or organization when you and such person or organization have agreed in writing in a contract**, agreement or permit **that such person or organization be added as an additional insured on your policy** to provide insurance such as is afforded under this Coverage Part. Such person or organization is an additional insured only with respect to liability arising out of:
>
> a. Your ongoing operations performed for that person or organization; or
>
> b. Premises or facilities owned or used by you. (Emphasis supplied.)

This provision specifically requires that, for LIRR to qualify as an additional insured, LIRR must itself enter into a contract with Kordun whereby Kordun agrees to include LIRR as an additional insured. City of N.Y. v. Nova Cas. Co., --- N.Y.S.2d ---, 2013 WL 791267, at *1 (1st Dep't Mar. 5, 2013) (insurer had no duty to defend City under its policy, which required that the insured and the organization seeking coverage have agreed in writing that the insured will add the organization as an additional insured, where there was no such agreement between the insured and the City); AB Green Gansevoort, LLC v. Peter Scalamandre & Sons, Inc., 105733/10, 2013 WL 68992, at *1 (1st Dep't Jan. 8, 2013) (where insurance policy provided that an organization is added as an additional insured "when you and such . . . organization have agree in writing" to add organization as additional insured, organization does not qualify as additional insured under policy without an express written agreement between insured and putative additional insured); Linarello v. City Univ. of N.Y., 6 A.D.3d 192, 195, 774 N.Y.S.2d 517, 520 (1st Dep't 2004) (where an insurance policy requires a contract between the Named Insured "and such person or organization" to confer additional insured status, the putative insured must be a party to the contract, and not merely a third-party beneficiary of it).

In the case at bar, it is indisputable that Kordun and LIRR did not enter into a written agreement whereby Kordun agreed to include LIRR as an additional insured. During discovery, LIRR specifically stipulated to the fact that

> there is no written agreement between defendant/third-party defendant KORDUN CONSTRUCTION CORP. and defendant/third-party plaintiff LONG ISLAND RAIL ROAD ("LIRR") pertaining to the work at the project known as LIRR Hillside Maintenance Facility, located adjacent to the premises

Honorable Margo K. Brodie
March 18, 2013
Page 3

at 93-59 183rd Street, Hollis, New York 11423.

Accordingly, following the directly on-point decisions in <u>City of N.Y. v. Nova Cas. Co.</u>, <u>AB Green Gansevoort</u>, and <u>Linarello</u>, and based upon the language of Excelsior's policy and the stipulated facts, LIRR could never qualify as an additional insured under Excelsior's policy.

Accordingly, Excelsior respectfully requests that a pre-motion conference be granted in connection with this matter.

Respectfully submitted,

Marshall T. Potashner

MTP/rm

cc: Christopher Dean O'Leary (via ECF)
    Christopher P. Yodice, Esq. (via ECF)
    Doreen J. Correia, Esq. (via ECF)
    Valerie J. Lauriello, Esq. (via ECF)
    Timothy E. Delahunt (via ECF)
    William R. White (via regular mail)